Steven J. McHugh, Esq., CA. State Bar #145857
Debra A. McHugh, Esq., CA. State Bar #171517
**McHUGH & McHUGH, LLP**
2196 Lake Tahoe Blvd., Suite #2
South Lake Tahoe, CA. 96150
TEL: (530) 544-3006
FAX: (530) 544-3517
**E-File and email address: stevenmchugh@sbcglobal.net**
Attorneys for the Plaintiffs, Ms. JODY HUNTER and Mr. CHRIS NAGLE

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Reno Federal Building

| | |
|---|---|
| JODY HUNTER, CHRISTOPHER NAGLE, | Civil Case #: _____ |
| | Judge/Courtroom: |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR PERSONAL INJURY** |
| | Counts: |
| MAZDA NORTH AMERICAN OPERATIONS, a California Corporation; MAZDA MOTOR OF AMERICA, INC., a California Corporation; DOE BUSINESS ENTITIES 1-10, DOE INDIVIDUALS 1-10, | 1. Negligence<br>2. Products Liability<br>3. Strict Products Liability<br>4. Breach of Warranty |
| Defendants. | |

## COMPLAINT FOR PERSONAL INJURY

**A. PARTIES**

1. Plaintiffs Ms. JODY HUNTER and Mr. CHRIS NAGLE are, and were at all relevant times, residents and citizens of the State of Missouri.

2. Defendant MAZDA NORTH AMERICAN OPERATIONS is a California-domiciled for-profit Corporation, doing business at all relevant times in California (hereafter referred to as "Defendant MAZDA", "Defendant", "MNAO", and/or "MAZDA", etc.). MNAO states on its internet web site that MNAO includes MAZDA MOTOR OF AMERICA, INC..

3. Defendant MAZDA MOTOR OF AMERICAN, INC., is believed to be the parent corporation of Defendant MNAO, and is named herein as a Defendant only because the California Secretary of State Records currently show no listing for "Mazda North American Operations", despite the fact that MNAO's current web site on the internet shows MNAO in, and doing business in, Irvine, CA. (hereafter, "Defendant", "Defendant MAZDA", or "MMOAI", etc.).

4. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Defendant MAZDA is a citizen and resident of the State of California, and has its domicile, headquarters, and principal place of business in Irvine, in the State of California.

6. All Plaintiffs are thus of diverse citizenship from all Defendants.

7. Defendant DOE Business Entities 1-10 are foreign or domestic companies, corporations, partnerships, or other business entities who, in some way, are responsible, in whole or in part, for Plaintiff's injuries and damages, as to the negligence, negligent design, manufacture, installation, testing, inspections, maintenance, management, servicing, training, education, control, supervision, sale, advertisement, warranties, express, implied, actual, oral, written, and other warranties, as to the vehicle and its equipment and component parts and materials in which both PLAINTIFFS were in at the time said vehicle struck a cow on the highway, at night, in Nevada, on or about May 1, 2015, i.e., a white 2001 MAZDA Protégé 4-

door sedan, Missouri license plate #KK1M5M, VIN # JM1BJ2450021533924, and its construction, metal, plastics, fibers, materials, glass, driver and passenger seats, frame, seat belts, shoulder harnesses, air bags, air bag accelerators, air bag components, structural integrity, crash-worthiness, design, construction, inspections, manufacture, sale, certification, installation, maintenance, and all other relevant aspects of the incidents, accidents, neglect, injuries, harm, damage, and causes of action that Plaintiffs have against Defendants relevant to Defendant any and all other relevant equipment, components, designs, plans, crash-testing, inspections, parts, and other aspects of the MAZDA VEHICLE in question and its components, parts, equipment, design, manufacture, management, control, and safeness or lack thereof, as will be shown in discovery and at trial. These Defendants are not specifically known, identified, and named at this time, however, will be identified by subsequent Doe amendment papers when and if they become so known.

    8.     Defendant DOE Individuals 1-10 are persons, individuals, or others, who, in some way, are responsible, in whole or in part, for Plaintiff's injuries and damages, as set forth in the preceding DOE Business Entities paragraph. These Defendants are not specifically known, identified, and named at this time, however, will be identified by subsequent Doe amendment papers when and if they become so known and specifically identified.

    9.     This action involves claims by both Plaintiffs for personal injuries, pain, suffering, loss of enjoyment of life, medical conditions, and disabilities, medical expenses, emotional distress, other treatment, rehabilitation, and expenses, nervous and physical pain and suffering, humiliation, statutory damages and other related consequential damages totaling amounts as to each Plaintiff that exceed $75,000.00, and therefore this case is within the jurisdiction of this Court.

B. **JURISDICTION:**

10. Diversity jurisdiction exists under 28 U.S.C. Section 1332(a)(1) in this case, because the amount in controversy exceeds $75,000.00 and because this case involves claims by Plaintiffs who are both citizens of the State of Missouri, while the Defendant, MAZDA, is a corporate citizen and resident of the State of California, headquartered in and doing business in the State of California.

11. This Court also has general subject matter jurisdiction in this case pursuant to 28 U.S.C. Section 1331, in that this case arises under Federal questions that are involved under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 15 U.S.C. Section 1381 et seq., including, *inter alia,* the Motor Vehicle Safety Standard 208, 49 C.F.R. Section 571.208, and 15 U.S.C. Section 1392(d), and related other Federal laws, statutes, CFR provisions, and regulations relevant to the subject matter and facts of this case.

12. Venue is proper in this court because the motor vehicle accident involved in this case occurred in Eureka County, in the State of Nevada, within the jurisdiction and venue of the U.S. District Court, District of Nevada.

C. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS:**

13. Plaintiff Ms. Jody Hunter was, at all relevant times, the owner and driver of the Mazda vehicle as identified in the DOE BUSINESS paragraph above, in which both Plaintiffs were occupants at the time of this accident.

14. Plaintiff Mr. Chris Nagle was a front seat passenger at the time.

15. The motor vehicle accident ("MVA") involved a crash between Plaintiffs in the Mazda vehicle and a black cow, on U.S. Highway 50, eastbound, in Eureka County, State of Nevada, on or about May 1, 2015, at approximately 2:00a.m..

16. The area in which this accident took place was "open range" under Nevada law.

17. Both Plaintiffs sustained severe injuries to their heads, faces, bodies, minds, and physical and mental nervous systems.

**D. CAUSES OF ACTION:**

### COUNT 1: NEGLIGENCE

18. Plaintiffs reallege and incorporate herein each of the preceding paragraphs as if they were separately again set forth below.

19. Prior to the time of this incident, Defendant MAZDA failed to adequately and properly train its employees, designers, engineers, and staff as to proper, safe, policies and procedures.

20. These policies and procedures included but were not limited to policies and procedures regarding design, testing, installation, crash-testing, inspection, record-keeping, quality-control, manufacture, specifications, building, and placing into the consumer market the MAZDA vehicle parts and equipment involved herein, including that of the metal and other parts of the Protégé car involved; its seat belts, seats, car frame, car roof, car windshield glass, construction of the vehicle, materials and components used with regards to the seats and restraints.

21. Defendant Mazda had duties of care, owed to Plaintiffs.

22. By improperly and unsafely designing this Mazda vehicle's frame, construction, metal, and structural integrity, below proper standards, and without proper, safe, crash-worthiness, Defendant Mazda breached these duties of care.

23. By improperly and unsafely designing this Mazda vehicle's windshield,

windshield frame, glass, tempered glass, location of same, placement, installation, and other components and equipment and parts related thereto, below proper standards, and without proper, safe, crash-worthiness, Defendant Mazda breached these duties of care.

24. By improperly and unsafely designing this Mazda vehicle's seat belts, seat belt restraint systems, seat belt materials, seat belt locking mechanisms, shoulder harnesses, seats themselves, and other parts related thereto, location of same, placement, installation, and other equipment and components and materials related thereto, below proper standards, and without proper, safe, crash-worthiness, Defendant Mazda breached these duties of care.

25. By improperly and unsafely designing this Mazda vehicle's airbags, airbag accelerator mechanisms, air bag components, materials, design, location of same, placement, installation, and other parts and materials related thereto, below proper standards, and without proper, safe, crash-worthiness, Defendant Mazda breached these duties of care.

26. By improperly and unsafely designing this Mazda vehicle's roof, ceiling, and structural integrity as to same, as well as the overall vehicle frame and its structural integrity, installation, and other frame, construction related thereto, below proper standards, and without proper, safe, crash-worthiness, Defendant Mazda breached these duties of care.

27. Defendant MAZDA breached its duties of care with regards to this vehicle and its inspections, design, manufacture, and other aspects by negligent inspections, negligent specifications, and in other ways, means, and by other errors and omissions as discovery will show, and as will be proven at trial.

28. Defendant also violated the National Motor Vehicle Safety Act, i.e., of 1966 ("Safety Act"), 15 U.S.C. Section 1381 et seq., including, *inter alia,* the Motor Vehicle Safety Standard 208, 49 C.F.R. Section 571.208, and 15 U.S.C. Section 1392(d), and related other

Federal laws, statutes, CFR provisions, and regulations relevant to the subject matter and facts of this case, as to the proper and safe, crash-worthy, design, specifications, and manufacture of the vehicle in which Plaintiffs were at the time of this collision.

29. These violations of the Safety Act include unsafe and inadequate standards and materials, components violations as to the structural construction, integrity, and performance of the Mazda Protégé involved in this accident, which were negligently designed, tested, inspected, built and placed into service by Defendant.

30. These violations of the Safety Act include neglient, unsafe, inadequate, standards and materials, components violations as to the air bags and air bag systems, construction, placement, and performance of same as to the Mazda Protégé involved in this accident, which were negligently designed, tested, inspected, and placed into service by Defendant.

31. These violations of the Safety Act include negligently-done work by Defendant with regards to safe standards and materials, components violations as to the frame and overall construction and metal and other parts of the Mazda Protégé involved in this accident, which were negligently tested, inspected, and designed and made by Defendant.

32. These violations of the Safety Act include other unsafe, improper, inadequate standards and materials, components violations as to the Mazda Protégé involved in this accident, which were negligently performed and completed by Defendant.

33. These negligent errors, acts, omissions, and failures to use due and reasonable care proximately caused Plaintiffs to suffer harm, injuries, and damages.

34. These negligent errors, acts, omissions, and failures to use due and reasonable care legally caused Plaintiffs to suffer harm, injuries, and damages.

35. These negligent errors, acts, omissions, and failures to use due and reasonable care were a substantial factor in causing Plaintiffs to suffer harm, injuries, and damages.

36. Defendant failed to use the due and reasonable care, in performing the aforementioned, designs, inspections, testing, manufacture, installation, that a reasonably careful designer, manufacturer, supplier, installer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

37. Defendant failed and neglected to adequately and reasonably warn Plaintiffs as to the flimsy and unsafe construction of this vehicle, and the dangers inherent in using it on the highway.

38. Defendant failed and neglected to adequately and reasonably warn Plaintiffs as to the crash-worthiness of this particular vehicle, its actual, true, structural integrity and ability to withstand impacts without causing severe injuries and/or possible death to passengers, and the other dangers inherent in using this vehicle on the highway.

39. Defendant MAZDA knew, or should have known, that is this particular, cheaply-made, vehicle struck an animal on the highway, such as the cow involved in this accident, that said collision would result in the severe injury or death of the vehicle occupants.

40. Despite this knowledge, Defendant failed to adequately and properly design and build this vehicle, and failed to adequately and reliably inform and warn Plaintiffs of said danger of possible death or severe, life-altering, injuries, and potential safety hazards.

41. By its actions, inactions, errors, omissions, and neglect as set forth in the preceding paragraphs and others as shall be further shown and specified in discovery and at trial, Defendant MAZDA violated these laws, rules, regulations, and standards, causing injuries, harm and damages to both Plaintiffs, in amounts to be determined at trial.

**COUNT 2:** **Products Liability, Negligent Design and Manufacture**

42. Plaintiffs reallege and incorporate herein each of the preceding paragraphs as if

they were separately again set forth below.

43. Defendant MAZDA negligently designed, planned, tested, inspected, built, installed, provided technical and materials specifications for, manufactured, installed, placed in service, and gave to Plaintiffs as to the seats, air bags, restraint systems, frame, structural integrity, glass, metal, and other components, parts, and materials with which the seat backs and body restraints and windshield, frame, and car were built and manufactured, and other parts, equipment, and components of the Mazda passenger car relevant to Plaintiffs' claims.

44. Defendant failed to properly and intelligently warn of potential safety hazards.

45. Defendant failed to warn of actual safety hazards it knew about.

46. Defendant build and designed and manufactured this vehicle itself, in a cheap and flimsy way, so as to safe money at the expense of safety.

47. This vehicle was in the same condition at the time of this accident as it was when it left the Defendant's hands.

48. Plaintiffs at no time altered, changed, or modified any of the parts, equipment, or components in question.

49. Said parts, equipment, components, seats, glass, frame, and seat belt and seat restraint systems, and their design, manufacture, etc., were all in the same condition as Defendant created them, when encountered by Plaintiffs.

50. Other, supporting, facts and details as to this negligence and products liability will be shown in discovery and set forth at trial.

51. This negligence as to testing, inspections, design, manufacture, and other aspects proximately and legally injured and damaged Plaintiffs in amounts that will be shown at trial.

## COUNT 3: STRICT PRODUCTS LIABILITY

52. Plaintiffs reallege and incorporate herein each of the preceding paragraphs as if they were separately again set forth below.

53. Defendant MAZDA negligently designed, planned, tested, inspected, built, provided technical and materials specifications for, manufactured, installed, placed in service, and gave to Plaintiffs seats, materials with which the seat backs and body restraints were built and manufactured, and other parts, equipment, and components of the Mazda passenger vehicle relevant to Plaintiffs' claims.

54. These materials and parts were designed, built, made, manufactured, and put in service by Defendant MAZDA and its agents and employees.

55. These materials and parts were defective when designed.

56. These materials and parts were defective when manufactured.

57. These materials and parts were defective when inspected and tested.

58. These materials and parts were defective when sold to Plaintiff.

59. These parts and equipment and components did not function as intended.

60. These parts and equipment did not perform as expected by a reasonable consumer, including these Plaintiffs.

61. Said parts, equipment, components, seat spacing and seats, air bags, restraints, glass, windshield, frame, etc. were all in the same condition as Defendant created them, when involved in this carsh.

62. These parts and equipment and components were unsafe when made, when inspected, and when put into service in interstate commerce by Defendant MAZDA and sold to and used by Plaintiffs, and at all relevant times.

63. These parts and equipment and components were not altered or modified by

-10-

anyone between the time of their manufacture, design, inspection, or at any other relevant time.

64. These parts and equipment and components were not fit for their intended purposes.

65. No sufficient or proper warnings or notices were given to Plaintiffs by Defendant, so as to allow Plaintiffs to make an informed, intelligent, decision, prior to riding in this vehicle on the highway at night in rural, "open range", Nevada.

66. This negligence was a substantial factor in causing Plaintiffs' harm and damages.

67. Other, supporting, facts and details as to this negligence and products liability will be shown in discovery and set forth at trial.

68. This negligence and strict products liability as to testing, inspections, design, manufacture, and other aspects proximately and legally injured and damaged Plaintiffs in amounts that will be shown at trial.

## COUNT 4:   BREACH OF WARRANTY

69. Plaintiffs reallege and incorporate herein each of the preceding paragraphs as if they were separately again set forth below.

70. Plaintiff HUNTER bought this vehicle from Defendant MAZDA or its agents.

71. At the time of purchase Defendant was in the business of selling these cars to retail buyers such as Plaintiff.

72. This vehicle and consumer good was not of the same quality as those generally acceptable in the trade.

73. This vehicle was not fit for the ordinary purposes, including driving on rural highways at night in open range territories such as Eureka County, Nevada, that such vehicles are used for.

74. This vehicle was not safely and adequate built, tested, inspected, and designed.

75. This vehicle was not safely labeled, and no safe and meaningful warnings were given.

76. This vehicle did not measure up to the promises, warranties, express and implied, to the effect that it, and its construction, air bags, seat belts, metal, frame, parts, and components would safely withstand a crash with an animal on the highway.

77. At the time Defendant and its agents sold this vehicle to Plaintiff HUNTER, they knew or had reason to know that she would use it for a particular purpose, i.e., to drive on rural highways at night.

78. Defendant knew or had reason to know that Plaintiff was relying on its skill and judgment to select and design, test, inspect, build, and make a consumer product, i.e., this vehicle, that was safe and suitable for this purpose, i.e., driving on rural, open range, highways at night.

79. Plaintiffs justifiably relied upon Defendant's skill and judgment.

80. The vehicle was not in fact suitable and fit for this purpose.

81. Plaintiffs were injured and damaged by these and other breaches of warranties, express and implied, as will be detailed further in discovery and shown at trial, in amounts of damages to be shown at trial.

E. **CONCLUSION AND REQUEST FOR RELIEF:**

Plaintiffs respectfully request that this Court, after trial by jury, which they hereby request and demand, award to them all relevant, lawful, and appropriate damages, including but not limited to:

1. All economic special damages, including past, present, and future medical

expenses and costs, rehabilitation expenses, vocational/job training expenses, and other expenses related to medical treatment, obtaining of same, travel costs, and all other economic and special damages, in amounts to be determined at trial, in separate amounts, as to each Plaintiff;

2. All economic special damages including lost wages, income, all relevant expenses and costs, and harm to income-earning ability, and other consequential damages in amounts to be determined at trial, in separate amounts, as to each Plaintiff;

3. All non-economic, general damages, for pain, suffering, trauma, anxiety, mental anguish, physical injury, disability, harm to Plaintiffs' bodies, minds, and mental states, loss of enjoyment of life, and all other general damages, in amounts to be determined at trial;

4. All reasonable costs of suit, including attorneys fees and costs as allowed by law;

5. All other damages of any type as allowed by law;

6. Pre-judgment and post-judgment interest as allowed by law;   and

7. All such other, further relief as the Court may allow.

DATED: _April 27, 2017._    _/s/_

Steven J. McHugh, Esq.,
Debra A. McHugh, Esq.,
**McHUGH & McHUGH, LLP**
2196 Lake Tahoe Blvd., Suite #2
South Lake Tahoe, CA  96150.
TEL:  (530)  544-3006
FAX:  (530)  544-3517
E-FILE / EMAIL address:
stevenmchugh@sbcglobal.net
Attorneys for Plaintiffs
Ms. Jody Hunter and Mr. Chris Nagle